# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:13-cr-00097-9 |
| MICHAEL CHAD CORLEY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Michael Chad Corley moves for compassionate release based on his mental health, obesity, and family circumstances. (Doc. No. 1698). His motion has been fully briefed. (Doc. No. 1698, 1700, 1709 and 1712). A decision on the merits is appropriate because he has exhausted available administrative remedies. (Doc. No. 1682.) The motion will be denied.

Under 18 U.S.C. § 3582(c)(1)(A), compassionate release is proper when a defendant establishes "extraordinary and compelling reasons" and when the § 3553(a) factors support a sentence reduction. The Court has "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when the Defendant not the Bureau of Prisons files a compassionate release motion. United States v. Jones, 980 F.3d 1098, ____ (6th Cir. 2020). United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020).

First, there is insufficient objective documentation to establish that Mr. Corley's family circumstances constitute an extraordinary and compelling basis for compassionate release. While Mr. Corley says that his minor daughter has a kidney disorder and that her mother, and primary caregiver, has Crohn's disease, there is no medical documentation to verify their medical conditions. Even assuming that Mr. Corley's wife does suffer from Crohn's disease, the Court is

forced to assume, without any factual basis, that her condition precludes her from caring for their daughter. Whether her condition is improving or not, whether other relatives can assist or not and whether the duration of her condition is short term or not, are in no way presented to the Court in a fashion for proper consideration. There is simply no factual predicate for the Court to find that Mr. Corley's family circumstances constitute extraordinary and compelling grounds for compassionate release, which typically requires a finding that the Defendant is the only available caregiver. United States v. Lisi, 440 F. Supp. 3d, 246, 252 (S.D. N.Y. 2020).

Second, Mr. Corley avers that his serious medical condition, specifically his mental health conditions, post-traumatic stress disorder, mild neurocognitive disorder, adjustment disorder, alcohol and drug disorder, attention deficit/hyperactivity disorder and neurodevelopmental disorder, diagnosed in 2015, constitute extraordinary and compelling basis for compassionate release. His medical records, however, paint a different picture. As of May 2018, his opioid and cannabis use disorder is in remission. As of October 13, 2018, his PTSD is resolved. (Doc. No. 1702 at 12 and 13). And, as of August 26, 2019, he is not on any medication for his mental health issues. (Doc. No. 1702 at 28).

Third, Mr. Corley suggests that he is at risk for severe consequences from COVID-19 because he qualifies as obese based on his height and weight. The Government concedes that his obesity is a COVID-19 risk factor. When his obesity is combined with the serious outbreak of COVID-19 at USP Marion, where he is assigned, Mr. Corley argues that the combination constitutes extraordinary and compelling basis for his release. His argument is not persuasive because courts have consistently concluded that obesity, even when combined with hypertension is not a condition so extraordinary to justify release. U.S. v. McKinnie, 2020 WL 5087058 *2 (N.D. Ohio August 27, 2020); U.S. v. Wilfred, 2020 WL 4365531 *5 (E.D. LA July 30, 2020). In

any case, the most recent data suggests that things are better. As of January 12, 2021, two staff and seven inmates have COVID; 797 inmates and 46 staff have recovered. See https://www.bop.gov/coronavirus/.

For the above reasons, Mr. Corley's Supplemental Motion for Compassionate Release will be denied.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE